■ NICOLETTE SCHALK, Appellant, v RAYMOND SCHALK, Respondent.— In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Queens County, dated June 24, 1975, which denied her motion *inter alia* to (1) increase child support payments and (2) modify defendant's visitation rights. Order affirmed, with $50 costs and disbursements. The record on this appeal fully supports the determination of Special Term. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.

■ ROBERT N. SPEISER, Respondent, v NYTRONICS, INC., Appellant.—In an action on a promissory note in which plaintiff moved for summary judgment in lieu of complaint, defendant appeals from an order of the Supreme Court, Westchester County, entered December 23, 1974, which (1) granted plaintiff's motion and (2) denied its cross motion for summary judgment. Order affirmed, with $50 costs and disbursements. Plaintiff brought this action to obtain a judgment on a promissory note. Defendant raised equitable defenses which deal with plaintiff's improper motives for obtaining the judgment. Plaintiff was entitled to a judgment; should he act upon his alleged improper motives, the order appealed from will not prejudice defendant's ability to again assert his equitable defenses at the proper time. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.

■ STAGG WAREHOUSE & DISTRIBUTING COMPANY, Respondent, v VAN MUNCHING & COMPANY, INC., Appellant, et al., Defendant.—In an action *inter alia* to recover damages for breach of contract, defendant Van Munching & Company, Inc., appeals from an order of the Supreme Court, Kings County, dated September 18, 1975, which denied its motion for summary judgment and to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The allegations of the complaint, liberally construed, are sufficient to support some of plaintiff's theories of recovery. In addition, the papers submitted on the motion presented triable issues of fact warranting Special Term's denial of summary judgment to appellant. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.